IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CRYSTAL FRY                                                                    PLAINTIFF

vs.                                   Civil No. 6:14-cv-06095

CAROLYN W. COLVIN                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Crystal Fry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

On October 10, 2011, Plaintiff protectively filed her disability application. (Tr. 10, 116-119).

In her application, Plaintiff alleges being disabled due to fibromyalgia, diabetes, hypertension, and

bulging discs.  (Tr. 137).  Plaintiff alleges an onset date of July 29, 2011.  (Tr. 10).  Plaintiff's

application was denied initially and again upon reconsideration.  (Tr. 53-55).

Thereafter, Plaintiff requested an administrative hearing on her application.  (Tr. 64-65).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The
transcript pages for this case are referenced by the designation "Tr."

1

This hearing request was granted, and an administrative hearing was held on February 25, 2013 in Hot Springs, Arkansas.  (Tr. 27-52).  Plaintiff was present at this hearing and was represented by counsel, Vincent P. France.  *Id.*  Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff testified she was thirty-five (35) years old, which is defined as a  "younger person" under 20 C.F.R. § 404.1563(c) (2008).  (Tr. 30).  As for her education, Plaintiff testified she had received her GED.  *Id.*

Subsequent to this hearing, on April 26, 2013, the ALJ entered an unfavorable decision denying Plaintiff's DIB application.  (Tr. 7-21).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016.  (Tr. 12, Finding 1).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 29, 2011, her alleged onset date.  (Tr. 12, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, thoracic disc herniation (small), lumbar disc bulging, migraine headaches, and obesity.  (Tr. 12-13, Finding 3).  The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 13-19, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry no more than 10 pounds; sitting most of the time (up to 6 hours in an 8-hour workday) with a certain amount of walking and standing (up to 2 hours in an 8-hour workday); no frequent bending, crouching or climbing; and, as a result of multiple impairments, she must

2

observe syncope precautions, no work at unprotected heights, around moving or dangerous machinery or driving a vehicle.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 19, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) receptionist (sedentary, semi-skilled) with approximately 4,000 jobs in Arkansas and 600,000 jobs in the nation and (2) bookkeeping clerk (sedentary, semi-skilled) with approximately 3,000 jobs in Arkansas and 350,000 jobs in the nation. (Tr. 20, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined she had not been under a disability, as defined by the Act, from July 29, 2011 through the date of his decision or through April 26, 2013. (Tr. 20-21, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 5). On June 21, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). Thereafter, August 25, 2014, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 15, 2014. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In her appeal brief, Plaintiff raises the following two arguments for reversal: (1) the ALJ erred in evaluating the opinions of her treating physician, Dr. Roda; and (2) the ALJ erred in evaluating the credibility of her subjective complaints.  ECF No. 10 at 8-15.  Upon review, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints.  Thus, the Court will only address Plaintiff's second argument for reversal.[2]

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

---

[2] In the final section, the Court will briefly consider Plaintiff's first point to give the ALJ guidance on remand.

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny,

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* evaluation. Instead of

---

the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

evaluating the *Polaski* factors outlined above and providing valid reasons for discounting Plaintiff's subjective complaints, the ALJ discounted Plaintiff's subjective complaints almost entirely because they were not supported by her medical records.  Indeed, instead of evaluating the *Polaski* factors, the ALJ made the following cursory finding:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 18).

Indeed, apart from relying upon Plaintiff's medical records, the only basis the ALJ offered for discounting Plaintiff's subjective complaints was the fact Plaintiff was able to perform many of her daily activities.  (Tr. 18).  The ALJ found those activities included being able to prepare meals daily, put laundry in the washer, fold clothes, drive a car, and go out alone and shop.  *Id.* In her appeal brief, Plaintiff disputes the ALJ's finding regarding her daily activities and notes that these are not the type of extensive daily activities which provide a basis for discounting her subjective complaints.  ECF No. 10 at 12-14.

Upon review of this argument, the Court agrees with Plaintiff.  These are not the type of extensive daily activities that provide a basis for discounting a claimant's subjective complaints of disabling pain.  *See Ludden v. Bowen,* 888 F.2d 1246, 1248 (8th Cir. 1989) (recognizing the well-established rule that "[a]n applicant need not be completely bedridden or unable to perform any household chores to be considered disabled") (citation omitted).

Thus, because the ALJ should not have discounted Plaintiff's subjective complaints because of her daily activities, the Court finds the ALJ's decision to discount Plaintiff's subjective complaints

is actually only based upon his finding that Plaintiff's allegations were not supported by her medical records. This was improper under *Polaski.* Because the ALJ did not comply with the requirements of *Polaski*, this case must be reversed and remanded.[4]

As a final point, the Court also notes that on remand, the ALJ should carefully evaluate the findings of her treating physician, Dr. Ferdinand T. Roda, M.D. Dr. Roda treated Plaintiff from at least 2011 until 2012. (Tr. 290-295, 338-342, 344-359). During that time, Dr. Roda diagnosed Plaintiff with several impairments, including fibromyalgia. Dr. Roda also noted during those encounters that Plaintiff suffered from extreme pain due to her fibromyalgia. *See e.g.,* Tr. 344.

Despite these records, the ALJ summarily discounted Dr. Roda's findings and determined Plaintiff retained the capacity to perform sedentary work with some limitations. (Tr. 13-19, Finding 5). In his decision, the ALJ discounted Dr. Roda's findings because he believed they were "based on the claimant's report of her limitations." (Tr. 18).

The ALJ's decision to discount Dr. Roda's findings for this reason was improper. By its very nature, fibromyalgia is a subjective illness, and the ALJ cannot entirely discount Dr. Roda's findings because part of those opinions may have been based upon Plaintiff's subjective allegations. *See Tilley v. Astrue,* 580 F.3d 675, 681 (8th Cir. 2009) (recognizing "[f]ibromyalgia is an elusive diagnosis; '[i]ts cause or causes are unknown, there's no cure, and, of greatest importance to disability law, its symptoms are entirely subjective.'") (citation omitted). On remand, the ALJ should further evaluate Dr. Roda's findings and order any additional testing as is necessary to evaluate Plaintiff's limitations due to her fibromyalgia.

---

[4] This Court reverses and remands this case only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints. This decision should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of May 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE